# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00452-CR

**Jorge Gutierrez, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-10-203162, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant pled not guilty to a charge of capital murder. He was convicted by the jury and sentenced to life imprisonment. The trial court's certification of his right to appeal, however, states that the case was a plea-bargain case and that appellant has no right to appeal.[1]

In determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as a certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614-15; *see also* Tex. R. App. P. 34.5(c), 37.1.

In this case, the record does not support the trial court's certification that appellant entered into a plea bargain and has no right to appeal. Therefore, we abate the appeal and remand it

---

[1] Appellant and his trial counsel both signed the certification form.

to the trial court to issue an amended and corrected certification.  See Dears, 154 S.W.3d at 614-15;

Tex. R. App. P. 37.1.  The trial court clerk is instructed to forward a supplemental clerk's record

containing the amended certification to the clerk of this court no later than December 21, 2012.


_____

David Puryear,  Justice

Before Justices Puryear, Pemberton and Henson

Abated

Filed:   November 16, 2012

Do Not Publish

2